UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SERGIO ANTONIO VENADEROS AGUAYO,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondents.

Case No. C26-4225-SKV

ORDER GRANTING HABEAS PETITION

Petitioner Sergio Antonio Venaderos Aguayo, proceeding through counsel, filed a 28 U.S.C. § 2241 habeas petition. Dkt. 1. He alleges unconstitutional immigration detention arising from an abuse of discretion by an immigration judge ("IJ") in an October 8, 2026, bond hearing. Dkt. 1. He seeks, as relief, release from custody and that the Court retain jurisdiction to ensure compliance with its Order. *Id.*

The Court issued a scheduling order on November 2, 2026, directing Respondents (collectively "the Government") to "show cause why the writ of habeas corpus should not be granted" and providing that the Government "shall file a return to the habeas petition no later than November 16, 2026." Dkt. 3 at 1-2. To date, the Government has not filed a notice of appearance or response to the petition. The Court therefore "construes the habeas petition as

intentionally unopposed." *Singh v. Blanche*, No. C26-4143-TMC, 2026 WL 3374205, at *1 & Ex. A (W.D. Wash. Nov. 7, 2026) (discussing letter advising that the U.S. Attorney's Office would continue to screen habeas petitions, but that the Court could assume where a notice of appearance was not filed within seven court days of the scheduling order, the Government would not file a response nor otherwise facilitate the processing of the case); *accord B.a.p.s. v. Quinones*, No. C26-4061-TSZ, 2026 WL 3465671, at *1 (W.D. Wash. Nov. 13, 2026); *Singh v. Mullin*, No. C26-4134-KKE, 2026 WL 3409217, at *2 (W.D. Wash. Nov. 10, 2026).

The Court has authority to grant a writ of habeas corpus to an individual who is "in custody in violation of the Constitution or law or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner here alleges abuse of discretion through a bond denial determination that lacked any individualized analysis or explanation and was unsupported by the record. *See* Dkt. 1; Dkt. 4, ¶ 4 (describing oral ruling denying bond) & Ex. A (IJ checkbox order denying bond); Dkt. 5, Ex. B (evidence submitted in support of bond). The Court finds that the Government has waived any challenge to the arguments raised in the petition. *Singh*, 2026 WL 3409217, at *2 (citing *Carrillo v. Mullin*, No. C26-5229-SK, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026)); *see also Charles Alexander Ponzon Deroy v. Warden*, No. C26-5972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026) ("As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.").

Because the Government has failed to meet its burden to show cause why the writ of habeas corpus should not be granted, the Court GRANTS the petition and finds release is the appropriate remedy.

The Court, for the foregoing reasons, herein ORDERS as follows:

(1) Petitioner's petition for writ of habeas corpus, Dkt. 1, is GRANTED.

(2) The Government shall RELEASE Petitioner from custody **within 24 hours** of the issuance of this Order.

(3) The Court DENIES Petitioner's request to retain jurisdiction over this matter, but requests that Petitioner's counsel file a status report **within seven days** confirming Petitioner's release.

(4) In accordance with instruction provided by the U.S. Attorney's Office, the Court directs the Clerk to send copies of this Order to the following email addresses: OPLASeattlefedlit@ice.dhs.gov; TacomaLEOs@ice.dhs.gov; OCIJ.Habeas.Orders@usdoj.gov.

Dated this 19th day of November, 2026.

S. KATE VAUGHAN
United States Magistrate Judge